UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF ABEL, Individually and as Surviving Spouse and Next Friend of GAEL ABEL, deceased,<br><br>        Plaintiff,<br><br>v.<br><br>MYLAN, INC., MYLAN PHARMACEUTICALS, INC., and MYLAN TECHNOLOGIES, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 09-CV-0650-CVE-PJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter comes on for consideration of Plaintiff's Motion for Conference to Seek Recusal of Judge and Reassignment of Case (Dkt. # 22). Plaintiff asks the Court to set a hearing to allow plaintiff's counsel to request the undersigned to recuse from this case. Plaintiff suggests that it is necessary for the undersigned to recuse from this case to avoid the appearance of unfairness based on the undersigned's ruling in a prior case.[1]

Although plaintiff has styled his motion as a request for a hearing, he directly requests the undersigned to recuse and the Court will treat the motion as one for recusal, rather than as a motion for a hearing on a prospective request for recusal. See Dkt. # 22, at 2. Plaintiff argues that the Court sua sponte recused in a prior case, Moody v. Ford Motor Company, 03-CV-784-GKF-PJC (Moody), after setting aside the jury's verdict based on conduct by the plaintiff's counsel that may have

---

[1] The Court has reviewed plaintiff's motion and finds that it is not necessary for defendant to respond.

prejudiced the jury. Plaintiff is represented by the same law firm and one of the same attorneys who represented the plaintiffs in Moody. Plaintiff claims that he "seeks to avoid even the appearance of unfairness" and the undersigned should recuse from hearing this case. Dkt. # 22, at 2. Plaintiff's motion does not directly state the basis for request his for recusal, but it appears that plaintiff's counsel is suggesting that the Court may be biased against him due to his conduct in Moody.

Plaintiff cites 28 U.S.C. § 455(a) as the legal basis for recusal. Section 455(a) requires a judge to recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is appropriate if a "reasonable person, knowing all the circumstances, would harbor doubts about the judge's impartiality . . ." Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). This is a purely objective standard that does not take into account speculation about a judge's state of mind, and recusal must be based on the judge's "outward manifestations and reasonable inferences drawn therefrom." United States v. Nickl, 427 F.3d 1286 (10th Cir. 2005). However, "adverse rulings are not in themselves grounds for recusal," and a judge does not abuse her discretion by refusing to recuse when the alleged basis for recusal is an unfavorable ruling against a party. Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988). Even if a judge has found that an attorney acted unethically in a prior case and referred the attorney to disciplinary authorities, this alone does not demonstrate bias or prejudice against an attorney. United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006).

The Court finds that plaintiff's request for recusal should be denied, because there is nothing about the Court's rulings in Moody that creates even the appearance of unfairness or impartiality toward plaintiff or his counsel. The Court did not sanction the plaintiffs' counsel in Moody or find that he engaged in unethical conduct. Instead, the Court relied on a combination of factors,

including the introduction of inadmissible and prejudicial evidence at trial, violations of the Court's in limine rulings, improper attacks on the credibility of the defendant's witnesses, and the size of the verdict, when finding that the defendant did not receive a fair trial, and set aside the jury's verdict and ordered a new trial. Moody, Dkt. # 317, at 40-41. The plaintiffs filed a motion to reconsider, and the undersigned rejected the plaintiffs' argument that it ordered a new trial to punish plaintiffs' counsel. Moody, Dkt. # 328, at 11. The undersigned later recused because the plaintiffs themselves may have perceived some unfairness in retrying their case before the same judge. However, the undersigned repeatedly advised plaintiffs' counsel that it harbored no bias or animosity against him, and the undersigned's decision to recuse was based on the need for the appearance of fairness and impartiality to the plaintiffs. See Moody, Dkt. # 334, at 1 ("The Court has been clear in its previous opinions and orders that it harbors no animosity against any party or attorney in this matter . . ."); Id. at 2 ("there is no evidence that the undersigned is actually biased or harbors any animosity against any party or attorney"). The undersigned also advised plaintiffs' counsel that recusal was not ordinarily warranted due to a court's finding that counsel violated a court order, and the recusal order was clearly based on the need for fairness from the viewpoint of the litigants in Moody. Nothing in the undersigned's conduct or written orders in Moody creates even the appearance of impartiality as to the litigants or attorneys in this case, and there is no basis for the undersigned to recuse.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conference to Seek Recusal of Judge and Reassignment of Case (Dkt. # 22) is **denied**.

**DATED** this 4th day of December, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

3