IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF ABEL, individually and as surviving spouse and Next Friend of GAEL ABEL, deceased,<br><br>     Plaintiff,<br><br>v.<br><br>MYLAN, INC.,<br>MYLAN PHARMECEUTICALS, INC.,<br>MYLAN TECHNOLOGIES, INC.,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 09-CV-0650-CVE-PJC<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court for determination is the Plaintiff's Motion to Compel Discovery. [Dkt. No. 35].

*Background*

This is a wrongful death product liability case brought by the Plaintiff Jeff Abel ("Abel") as a result of his wife Gael Abel's death. Abel alleges that the cause of his wife's death was a defect in a 50 mcg fentanyl pain patch. He contends that the patch suffered from either a design or manufacturing defect resulting in his wife receiving a lethal dose of fentanyl. Defendants Mylan, Inc., Mylan Pharmaceuticals, Inc., and Mylan Technologies, Inc. (collectively, "Mylan") deny Plaintiff's allegations.

In the course of discovery, Able seeks information related to other lawsuits concerning fentanyl pain patches. Plaintiff moved to compel as to three discovery requests. One of these appears to have been resolved, leaving two for the Court's

1

consideration.[1]  The remaining issues concern Interrogatory No. 25 and Request for Production 163.

## *Applicable Legal Standards*

It is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness.  *Rich v. Martin Marietta Corp.*, 522 F.2d 333, 343 (10th Cir. 1975).  Trial courts have broad discretion in managing discovery matters and are subject to review only for abuse of discretion.  *In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir. 1981).

Rule 26(b)(1) provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  At the discovery phase of litigation "relevancy" is broadly construed and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.  *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004) (citation omitted).  A discovery request should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.  *Id.*

---

[1]  Mylan's response to the motion to compel states that it will supplement its response to Interrogatory No. 24 and identify every lawsuit involving the Mylan Fentanyl Transdermal System by caption, court and docket number, regardless of dosage strength or patch size.  *See* Defendants' Response to Motion to Compel [Dkt. No. 36 at 4].  Accordingly, the Court understands the dispute over Interrogatory No. 24 to be **MOOT**.

When the requested discovery appears relevant, the party opposing discovery has the burden of establishing the lack of relevance by demonstrating that the requested discovery does not come within the scope of relevance set forth in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D.Kan. 2003) (citation omitted).

Despite this broad language favoring disclosure, however, there are limits to the permissible scope of discovery. For example, Rule 26 provides that a Court *must* limit discovery if it concludes that:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> **(iii)** the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

### *Discussion*

Plaintiff seeks documents and information relating to other lawsuits ("the other cases") filed against Mylan concerning fentanyl pain patches.[2] Mylan has now

---

[2] The patch at issue in this case was a 50 mcg (microgram) patch. However, Abel seeks information related to Mylan's 12 mcg, 25 mcg, 75 mcg and 100 mcg patches as well.

3

identified 112 other cases involving an alleged defect in a fentanyl patch. [Dkt. No. 36-2]. The remaining disputed discovery requests are these:

> **INTERROGATORY NO. 25:** For each case identified in Interrogatory No. 24, please identify each employee and designated corporate representative who has provided testimony. Also identify each of your retained experts who has produced a report or provided testimony.
>
> **DOCUMENT REQUEST NO. 163:** Please produce all transcripts and expert reports for all employees, corporate representatives and experts identified in Interrogatory No. 25.

Mylan's objections to these requests are similar: overly broad, burdensome, vague and ambiguous, seeks privileged and/or confidential information, not reasonably calculated to lead to the discovery of admissible evidence, and not within the time period relevant to this lawsuit. Mylan further objects to Request for Production No. 163 that it "may require divulging confidential, proprietary, business information, or trade secrets or documents that are equally accessible to the Plaintiffs as being in the public domain." Mylan also contends that many of the transcripts, documents and other material are protected from public disclosure by confidentiality or protective orders entered in these other cases. Response to Motion to Compel [Dkt. No. 36 at 6].

### INTERROGATORY No. 25.

The Court finds that Interrogatory No. 25 is not overly broad, unduly burdensome, vague or ambiguous. Nor does it seek confidential or privileged information. Mylan complains that the Interrogatory is so "all-encompassing" that the

4

information it seeks is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

The 2000 amendments to the Federal Rules of Civil Procedure created a two-tiered discovery process. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009). The first tier concerns "attorney-managed" discovery of information relevant to the parties' claims and defenses. The second is "court-managed" discovery that may include information relevant to the subject matter of the action. *Id.* Material is relevant for discovery purposes if it "bears on" or might reasonably lead to information that "bears on" any material fact or issue in the action. Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary, vol. 1 at 475 (2010). Information is not relevant if it can have "no conceivable bearing on the case." *Id.* at 476 (*citing Moore v. Hartman*, 241 F.R.D. 59, 62-63 (D.D.C. 2007)). It is not inconceivable that testimony from other cases concerning fentanyl patches could have a bearing on material facts/issues in this case. Thus, the Court rejects Mylan's relevance objection. Defendants shall identify employees and corporate representatives who testified in the other lawsuits alleging defects in the patch. Likewise, Defendants shall identify any retained expert witnesses who testified in those cases.

**REQUEST FOR PRODUCTION NO. 163.**

Plaintiff requests copies of all transcripts, expert reports for the individuals identified in response to Interrogatory No. 163. The Court finds that this request is not overly broad, vague or ambiguous. In addition, the Court rejects Defendants' concern that the documents requested do not relate to the time period relevant to this lawsuit.

5

The lawsuits set forth in the list attached to Defendants' response [Dkt. No. 36-2] were filed between 2006 and 2010 – most, however, are 2009 cases. The Court finds that the time periods involved are not so dissimilar as to support Defendants' relevance contention. The Court does, however, have two concerns.

First, the documents requested are not ordinary corporate business records. A party generally must produce business records at its own expense. The Court feels the cost of such production here is unfair and that Plaintiff should bear the cost of copying such transcripts and reports.

Second, Mylan points out that some of the information contained in these documents is subject to a confidentiality or protective order. As examples, Mylan attached two such protective orders from the other cases. [Dkt. No. 36-3]. Courts have differing views about production of documents under protective order entered by another court. In *Dushkin Publishing Group, Inc. v. Kinko's Service Corp.*, 136 F.R.D. 334, 335 (D.D.C. 1991), the Court refused – as a matter of comity – to order production of documents covered by an order issued by the U.S. District Court for the Southern District of New York. However, in *Melea Limited v. C.I.R.*, 118 T.C. 218 (2002) the Court indicated that the issue could be resolved by incorporating the terms of the protective order into the order compelling production. *Id.* at 225-26.

In *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 499-500 (D.Md. 2000), the Court considered several "rules of reason" in deciding whether to issue a discovery order which would have the effect of modifying or circumventing an order entered by another court. First, the court "should consider the nature of the protective order issued

by the first court." *Id.* at 501. Was the protective order the result of deliberation and analysis by the court or was it merely an ordered entered by agreement or stipulation of the parties? Second, "the court should consider the identity of the party from whom discovery is sought." *Id.* Is the discovery sought from the party against whom the protective order would apply, or from the party that is the source of the documents in the first place. Third, "the court should consider whether the case in which the original protective order was issued is still pending, and if not, the burden and expense to the plaintiffs if they are required to file a new action … simply to seek modification of the Order issued there." *Id.* Finally, "the court should consider whether it is possible to incorporate terms in its own order which will further the protections originally entered by the [first] court." *Id.*

Here, the sample protective orders presented to the Court as exhibits to Defendants response to the motion to compel are Agreed Protective Orders. They were entered by agreement of the parties, not by the court after an adjudication of the merits. Second, the discovery sought consists of transcripts and reports of Defendants' witnesses and experts. This is not a case of obtaining from a third party documents that belong to another. Third, Plaintiff here should not be required to take action to seek modification of the various protective orders entered in these cases. This is a waste of time and resources. Finally, the Court feels it can adequately protect Defendants' interest either by including in its discovery order language from the protective orders in the other cases, or by entry of an appropriate protective order in this action.

Based upon its consideration of these factors, the Court finds that the Motion to Compel should be **GRANTED as limited herein.** Mylan shall identify the employees, corporate representatives, and retained experts who testified at deposition or trial in the other cases. Mylan shall produce for copying – at Plaintiff's expense – transcripts of such testimony and any report from retained experts if such reports were, in fact, produced to the opposing side.[3] This production will be subject to the same confidentiality and protection afforded by Court Order in the other cases.[4]

IT IS SO ORDERED this 4th day of October 2010.

_____
Paul J. Cleary
United States Magistrate Judge

---

[3] Experts whose names were not disclosed and expert reports that were never produced in the other cases need not be produced here. Until such disclosure they remain protected by the Work Product doctrine.

[4] The Protective Order entered in this case [Dkt. No. 26] was stipulated to by the parties. Similarly, the sample Protective Orders from other cases that were submitted to this Court as exhibits were agreed to by the parties. [Dkt. No. 36-3]. The Court has not examined the details of these Protective Orders to determine whether they are essentially identical or not. Thus, the Defendants shall advise the Court if an Amended Protective Order is necessary in this case to afford the same level of protection as that imposed in the other cases.